|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| ROBERTO BATISTA,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPREME ALASKA SEAFOOD,<br><br>    Defendant. | Case No.  C04-1851L<br><br>ORDER ON MOTIONS IN LIMINE |

This matter comes before the Court on a number of motions in limine from plaintiff and defendant (Dkt #s 25, 26, 27, 29 & 31). The Court DENIES Defendant's "Motion in Limine for Order Excluding Evidence of Undisclosed Experts and Fact Witnesses" (Dkt. # 25). Defendant is advised that the Court will entertain any future motions in limine with regard to specific witnesses that would "unjustly prejudice Defendant," but that an advisory motion on all potential "last minute disclosures" is inappropriate at this time. Plaintiff's apparent cross-motion, which is not described as such, to exclude Ryan Taouma (Dkt. # 34) is DENIED.

Defendant's "Motion in Limine for Order Prohibiting and/or Limiting Plaintiff from Referring to OSHA Standards at Trial" (Dkt. #26) is DENIED. Irrespective of the legal applicability of OSHA, the OSHA standards are deemed relevant to industry practice regarding safety. As to the parties' arguments as to the actual applicability of the standards, such arguments will be considered as the OSHA standards arise during the bench trial.

Defendant's "Motion in Limine for Order Prohibiting Plaintiff from Referring to Insurance" (Dkt. # 27) is GRANTED. Defendant's concern for jury prejudice or confusion under Rule 403, however, is irrelevant in a bench trial. FED. R. EVID. 403. Accordingly, any mention of liability insurance will be considered only as it relates to the purposes enumerated in Rule 411. FED. R. EVID. 411.

Defendant's "Motion in Limine for Order to Exclude Testimony of Dr. Horan on the Issue of Future Medical and to Exclude Other Medical Expert Testimony" (Dkt. # 29) is DENIED. Dr. Horan may testify to the extent that a treating physician normally is allowed. Any dispute as the appropriate breadth of his testimony will be considered in the due course of Dr. Horan's testimony at trial.

Defendant's "Motion in Limine for Order Excluding Evidence of Past Wage Loss" (Dkt. #31) is DENIED. The relevance of and support for plaintiff's alleged past wage loss will be considered in due course based on the evidence and testimony presented at trial.

In sum, IT IS HEREBY ORDERED that (1) Defendant's "Motion in Limine for Order Excluding Evidence of Undisclosed Experts and Fact Witnesses" (Dkt. # 25) is DENIED; (2) Defendant's "Motion in Limine for Order Prohibiting and/or Limiting Plaintiff from Referring to OSHA Standards at Trial" (Dkt. #26) is DENIED; (3) Defendant's "Motion in Limine for Order Prohibiting Plaintiff from Referring to Insurance" (Dkt. # 27) is GRANTED; (4) Defendant's "Motion in Limine for Order to Exclude Testimony of Dr. Horan on the Issue of Future Medical and to Exclude Other Medical Expert Testimony" (Dkt. # 29) is DENIED; and (5) Defendant's "Motion in Limine for Order Excluding Evidence of Past Wage Loss" (Dkt. #31) is DENIED.

DATED this 3rd day of October, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER ON MOTIONS IN LIMINE